[No. 1946. Decided March 11, 1896.]

*In the Matter of the Estate of John T. Wilbur, deceased:* KITTY FOLLANSBEE *et al., Appellants,* v. SARAH J. WILBUR, *Administratrix, Appellant.*

MARRIAGE WITH INDIAN — VALIDITY — STATUTES — OPERATION.

The marriage of a white man and an Indian woman in the year 1868, according to the customs in vogue among the Swinomish tribe of Indians, followed by cohabitation as man and wife, was not a legal marriage, even if there were no miscegenation acts in force at the time thereof.

The passage of the act of 1875 regulating the descent of property did not operate to prevent the act passed on the same day relating to adoption from becoming a law, but the two must be construed together as one act.

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge. Affirmed.

*Sinclair & Smith,* and *Lindsay, King & Turner,* for appellants Follansbee *et al.*

*Million & Houser,* for appellant Sarah J. Wilbur.

The opinion of the court was delivered by

Scott, J.—The matters presented for determination in this case arose out of an application filed in the superior court of Skagit county, by Sarah J. Wilbur, administratrix of the estate of John T. Wilbur, deceased, for the allowance of her final account as such administratrix therewith presented, and for a decree of distribution of said estate and decreeing to her as the surviving widow of said deceased, the whole of said estate and for her discharge as such administratrix. To this application three separate protests were filed, one by an Indian woman known as Kitty Follansbee, claiming to be the lawful wife of said deceased, and one each by John David Wilbur and Charles Andrew Wilbur, claiming to be legitimate sons of said deceased. In each of these protests objections were made to the final account of said administratrix, to the distribution of said estate as prayed for by her and to her discharge as such administratrix, and, in addition to such objections, each of said protestants set up her and his claim to share in the distribution of said estate according to their respective claims as heirs of said deceased. To these protests Sarah J. Wilbur filed her reply denying the allegations therein contained touching the heirship of said protestants and their right to share in the distribution of said estate. Upon the issues thus formed a trial was had on the 21st day of May, 1895, before the Honorable Henry McBride, judge of said superior court.

The material findings as to the questions presented were in substance as follows: The court found as a

fact that the deceased John T. Wilbur and said Indian woman, known as Kitty Follansbee, were married in June, 1868, on the Swinomish reservation in said Skagit county, according to the customs in vogue among said Swinomish tribe of Indians, and that they thereafter lived and cohabited together as husband and wife until June, 1876, and that there were born to them three children, one a girl who died in infancy, and the two boys who are parties hereto.

The court further found that said John T. Wilbur continually, openly and publicly acknowledged said boys to be his legitimate sons.

As conclusions of law the court found that the so-called marriage was void under the laws of the territory, and that said Indian woman was not entitled to share in the estate, but found that the two surviving children aforesaid, were legitimate, and were entitled to take as heirs of said John T. Wilbur.

Two appeals were taken and are contained in the one record as follows: The Indian woman Kitty Follansbee appeals as against Sarah J. Wilbur and Sarah J. Wilbur appeals as against John David Wilbur and Charles Andrew Wilbur.

For a former appeal in this same estate see 8 Wash. 35 (35 Pac. 407), which has some bearing upon the questions now before us. It is contended that Kitty Follansbee was not bound by the decision there rendered because she was not a formal party to that proceeding. It is evident, however, that Bingham applied in her interests, as well as the children's, for appointment as administrator, and she testified in support of his application upon the contest. But without referring to that question further, we will consider the matters involved in her case now presented, first directing our attention to the finding of fact as to the time the

alleged marriage took place between John T. Wilbur and said Kitty Follansbee. In the other proceeding it was found by the same court that the marriage took place in the fall of 1867, and the matter, when appealed to this court, was disposed of on that basis. In this proceeding the lower court was constrained to find that it took place in June, 1868, at which time counsel for said Indian woman contend that the miscegenation act was not in force and thereby seek to escape the consequences of that decision in that respect. The testimony was somewhat different upon this last trial. We shall not undertake to set it forth in detail. There was one witness who testified that it took place in 1868, but his testimony is not satisfactory. Kitty Follansbee was a witness upon both occasions. Upon the last trial she admitted that she testified, at the time of the former trial, that she was then thirty-nine years old, and that she was married to John T. Wilbur when she was but thirteen years of age, or twenty-six years before. The date of that trial, which was in the spring of 1893, appears in this case. This, according to her testimony upon this trial as well as upon the former, would fix the time of said marriage as in the year 1867. It is true she sought to avoid the force of that testimony by saying that she simply "guessed it as close as she could guess it," but she gave no testimony upon the last trial to weaken it, and the other proof, especially as to the birth and death of the oldest child, strongly corroborates the claim that the so-called marriage took place in 1867, and we feel compelled to, and do, so find therefrom. The attempt to fix a later year is too apparently an afterthought. At the time the ceremony, whatever it may have been, took place, marriages between white men and Indian women were prohibited and were void, as was decided

upon the former appeal. Counsel for Sarah J. Wilbur contend that the miscegenation acts of January, 1859, and January, 1866, were not repealed by subsequent legislation, etc., but we have not found it necessary to look into that question.

Furthermore, conceding that the marriage took place as late as June, 1868, and that there were no miscegenation acts then in force in the territory, the case would fall within the rule announced in *In Re McLaughlin's Estate*, 4 Wash. 570 (30 Pac. 651), and *Kelley v. Kitsap County*, 5 Wash. 521, (32 Pac. 554), and the same would be true if it took place in 1867. Counsel for Mrs. Follansbee have attacked the correctness of these decisions as applied to marriages or such attempted marriages, which took place while we were a territory, and contend that the supreme court of the United States has directly sustained them in *Meister v. Moore*, 96 U. S. 78, which was referred to in the *McLaughlin case*. But we have regarded that case as following a construction of the supreme court of Michigan of a Michigan statute and not expressly going beyond that.

In relation to the appeal of Sarah J. Wilbur we do not find it necessary to examine many of the acts of the territorial legislature cited by counsel relative to the legitimatizing of children born of parents living together as husband and wife, who in fact had never been lawfully married, as the judgment in relation to John David and Charles Andrew Wilbur can be affirmed under the provisions of an act passed November 12, 1875, relative to adoption. Laws 1875, p. 110. The proof was sufficient to sustain the finding of the lower court in this respect in that said children had been legitimatized by adoption. It is contended by counsel for Sarah J. Wilbur that this

act never became a law in consequence of another act passed on the same day (Laws 1875, p. 53), regulating the descent of property. But we are of the opinion that these acts, under the circumstances, should be construed as one. There was no proof as to which was approved last, if that were material, both being upon the same day, and neither referring directly to the other.

Affirmed.

HOYT C. J., and ANDERS and DUNBAR, JJ., concur.